**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: <br><br> TOTAL HOCKEY, INC., a Missouri corporation, <br><br> Debtor. <br><br> Tax ID No.: 43-1844010 | Case No. 16-44815 <br><br> Chapter 11 <br><br> (Joint Administration Requested) |
| In re: <br><br> PLAYER'S BENCH CORPORATION, a Colorado corporation, <br><br> Debtor. <br><br> Tax ID No.: 90-0288085 | Case No. 16-44820 <br><br> Chapter 11 <br><br> (Joint Administration Requested) |
| In re: <br><br> HIPCHECK, L.L.C., a Missouri limited liability company, <br><br> Debtor. <br><br> Tax ID No.: 43-1834406 | Case No. 16-44821 <br><br> Chapter 11 <br><br> (Joint Administration Requested) |

**MOTION OF THE DEBTORS FOR AN ORDER DIRECTING THE JOINT**
**ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Total Hockey, Inc. ("**THI**"), and its affiliated debtors and debtors in possession (the "**Debtors**"), move this Court, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015(B) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Eastern District of Missouri (the

1

53338962.1

"**Local Bankruptcy Rules**"), for an order:[1] (i) directing the joint administration of the Debtors' chapter 11 cases under the lead chapter 11 case of debtor Total Hockey, Inc. and (ii) directing parties in interest to use a consolidated caption (the "**Proposed Caption**") to indicate that any filed motion, application, or other pleading relates to the jointly administered bankruptcy cases of "Total Hockey, Inc., *et al.*" In support of this motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 81-9.01(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On the date hereof (the "**Petition Date**"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors are a national retailer of hockey and lacrosse equipment, apparel, and accessories. Additional details regarding the Debtors' business, assets, capital structure, and the circumstances leading to the filing of these cases are set forth in the *Declaration of Lee A. in*

---

[1] A copy of the proposed order will be made available on the case website at www.omnimgt.com/totalhockey.

2

*Support of Chapter 11 Petition and First Day Motions* [Docket No. 4] (the "**First Day Declaration**").[2]

### Relief Requested

4. Pursuant to Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015(B), the Debtors seek the entry of an order directing (a) the joint administration of the Debtors' chapter 11 cases in the chapter 11 case of Debtor THI and (b) parties in interest to use a consolidated caption to indicate that any filed pleading relates to the jointly administered bankruptcy cases of Total Hockey, Inc., *et al.*

5. The Debtors also request the approval of the caption to be used in these chapter 11 cases. The proposed caption reflects the joint administration of these cases as follows:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| In re: | Case No. 16-44815 |
|---|---|
| TOTAL HOCKEY, INC., *et al.*, | Chapter 11 |
| Debtors.[3] | (Jointly Administered) |

6. Lastly, the Debtors also request that the Court: (a) authorize the Debtors to utilize a combined service list for the jointly administered cases and (b) authorize combined notices be sent to creditors of the Debtors' estates and other parties-in-interest, as applicable. Consistent with this Motion, the Debtors also seek authority to file consolidated monthly operating reports while at the same time maintaining separate disbursement reports.

---

[2] All capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

[3] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: Total Hockey, Inc. (4010); Player's Bench Corporation (8085); and Hipcheck, L.L.C. (4406). The Debtors' mailing address is 3120 Riverport Tech Center Dr., Maryland Heights, MO 63043.

3

**Argument**

7. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Local Bankruptcy Rule 1015(B) further provides that a "debtor or a party in interest may request by motion that cases in this Court regarding a debtor and its affiliate(s) be jointly administered." L.R. 1015(B). Accordingly, this Court is authorized to grant the relief requested herein.

8. Courts in this District have routinely ordered joint administration in cases with multiple related debtors. See In re Peabody Energy Corp., No. 16-42529 (Bankr E.D. Mo. Apr. 14, 2016) (Docket No. 105); In re Noranda Aluminum, Inc., No. 16-10083 (Bankr. E.D. Mo. Feb. 9, 2016) (Docket No. 75); In re Arch Coal, Inc., No. 16-40120 (Bankr. E.D. Mo. Jan. 13, 2016) (Docket No. 67).

9. Joint administration of these cases is warranted given the Debtors' integrated operations. It will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. Further, joint administration of the Debtors' cases will have a number of benefits, including elimination of the need for duplicative notices, motions, applications and orders. This will save time and expense that otherwise would be required to administer individual cases. Joint administration will also render the completion of various administrative tasks less costly and minimize the number of unnecessary delays associated with the administration separate chapter 11 cases.

10. The rights of creditors will not be adversely affected because this Motion requests only administrative and not substantive consolidation of the Debtors' estates. In fact, creditors will benefit from the reduced costs that will result from the joint administration of these cases. Finally, joint administration will simplify supervision of the administrative aspects of these chapter 11 cases by the United States Trustee — a task that would pose unnecessary burdens absent joint administration.

11. Finally, the Debtors seek authority to file the required monthly operating reports on a consolidated basis, but the Debtors will track and break out disbursements on a debtor-by-debtor basis in each monthly operating report. The Debtors submit that the reports will accurately reflect the Debtors' consolidated business operations and financial affairs. See, e.g., In re Peabody Energy Corp., No. 16-42529 (Bankr E.D. Mo. Apr. 14, 2016) (Docket No. 105); In re Noranda Aluminum, Inc., No. 16-10083 (Bankr. E.D. Mo. Feb. 9, 2016) (Docket No. 75); In re Arch Coal, Inc., No. 16-40120 (Bankr. E.D. Mo. Jan. 13, 2016) (Docket No. 67); accord In re Alpha Natural Res., No. 15-33896 (Bankr. E.D. Va. Aug. 5, 2015) (Docket No. 129) (same); In re Patriot Coal Corp., No 12-12900 (Bankr. S.D.N.Y. July 10, 2012) (Docket No. 30) (same).

### Notice

12. Notice of this Motion has been given to (a) Counsel for Citizens Business Capital, a Division of Citizens Asset Finance, Inc. (a Subsidiary of Citizens Bank, N.A.); (b) Counsel for Gordon Brothers Finance Co., LLC; (c) the Office of the United States Trustee for the Eastern District of Missouri; (d) the Debtors' 20 largest unsecured creditors; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the United States Attorney's Office for the Eastern District of Missouri. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

53338962.1

**No Prior Request**

13. No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

[Remainder of the page intentionally left blank]

53338962.1

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an order, substantially in the form submitted to the Court, granting the relief requested herein; and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: July 6, 2016　　　　　　　　　　　　　　**Polsinelli PC**
　　　　St. Louis, Missouri

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Matthew S. Layfield*
　　　　　　　　　　　　　　　　　　　　　　　Matthew S. Layfield, MO 57540
　　　　　　　　　　　　　　　　　　　　　　　100 S. Fourth St.
　　　　　　　　　　　　　　　　　　　　　　　Suite 1000
　　　　　　　　　　　　　　　　　　　　　　　St. Louis, MO 63102
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (314) 889-8000
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (314) 231-17776
　　　　　　　　　　　　　　　　　　　　　　　mlayfield@polsinelli.com

　　　　　　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　　　　　　James E. Bird (pro hac pending)
　　　　　　　　　　　　　　　　　　　　　　　Andrew J. Nazar (pro hac pending)
　　　　　　　　　　　　　　　　　　　　　　　900 W. 48th Place
　　　　　　　　　　　　　　　　　　　　　　　Suite 900
　　　　　　　　　　　　　　　　　　　　　　　Kansas City, Missouri  64112
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (816) 753-1000
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (816) 753-1536
　　　　　　　　　　　　　　　　　　　　　　　jbird@polsinelli.com
　　　　　　　　　　　　　　　　　　　　　　　anazar@polsinelli.com

　　　　　　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　　　　　　Jerry L. Switzer, Jr. (pro hac pending)
　　　　　　　　　　　　　　　　　　　　　　　161 N. Clark St.
　　　　　　　　　　　　　　　　　　　　　　　Suite 4200
　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 819-1900
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (312) 819-1910
　　　　　　　　　　　　　　　　　　　　　　　jswitzer@polsinelli.com

　　　　　　　　　　　　　　　　　　　　　　　*Proposed Counsel for the Debtors and Debtors in Possession*